ORDERED.

Dated: December 08, 2015

_Karen S. Jennemann_
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | ) |
| | ) |
| VANESSA BROWN, | ) Case No. 6:14-bk-09589-KSJ |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |
| JASON HANSON, individually, | ) |
| and on behalf of Minor Child OFH, | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) Adversary No. 6:14-ap-00176-KSJ |
| | ) |
| VANESSA BROWN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The issue is whether a mother, the Debtor, can discharge a debt arising from her improper use of monies in her daughter's college savings account. I hold that the Debtor cannot discharge this debt to her daughter under §§ 523 (a)(6 and 15) of the Bankruptcy Code.[1]

---

[1] All references to the Bankruptcy Code refer to 11 U.S.C. §§ 101 *et seq*.

On January 22, 2007, the Debtor opened a Florida Prepaid College Savings Account (the "Account") for the benefit of her daughter, OFH.[2] Debtor was the only owner listed on the Account.[3] Debtor and Plaintiff Hanson never married but are the parents of the co-Plaintiff, their daughter, OFH. They agreed and made equal monthly contributions to the Account for several years, from January 2007 to September 2013.[4] On November 25, 2013, Debtor closed the Account and received a refund for the balance of $6,358.71 (the "Principal Balance").[5]

On December 20, 2013, Plaintiff Hanson, individually and on behalf of OFH, sued the Debtor in Brevard County Court[6] ("County Court") requesting damages for breach of contract, an injunction preventing the Debtor from spending the Principal Balance, specific performance of the agreement to maintain the Account, or restoration of the Account funds.[7] The County Court denied injunctive relief but concluded the Debtor acted improperly.[8] The County Court found "no justification for [the Debtor's] retention of [the Account] funds" and indicated that the Debtor should pay the Plaintiffs' attorney's fees.[9]

The County Court later entered a Default Final Judgment in Plaintiffs' favor (the "Judgment") ordering the Debtor to pay Plaintiffs $7,508.71 (the Principal Balance of $6,358.71 plus $1,150 in costs and attorney's fees).[10] The Judgment directed the parties to use the Principal Balance to open another college savings plan this time naming Plaintiff Hanson as the owner.[11] OFH was to remain the beneficiary of the new account. When the Debtor did not pay the

---

[2] Def. Ex. 2.
[3] Def. Ex. 4.
[4] Def. Ex. 11.
[5] Def. Ex. 6.
[6] Def. Ex. 9. Case No. 05-2013-CC-042187.
[7] *Id.*
[8] Def. Ex. 10. The Order Denying Preliminary Injunction was entered on January 10, 2014.
[9] *Id.*
[10] Def. Ex. 11. The Default Final Judgment was entered on February 21, 2014.
[11] *Id.*

Judgment, the County Court found her in contempt and awarded additional fees, costs, and interest of $1,881, making the total sum she then owed $9,572.44.[12]

On September 11, 2014, Debtor filed this Chapter 7 bankruptcy case.[13] Plaintiff Hanson timely filed this adversary proceeding, individually and on behalf of OFH, mainly requesting that the Court find the Judgment non-dischargeable under §§ 523(a)(2, 4, 6, and 15) of the Bankruptcy Code.[14]

The primary purpose of bankruptcy law is to provide an honest debtor with a fresh start by relieving the burden of indebtedness.[15] Courts construe objections to discharge or to the dischargeability of a particular debt liberally in favor of the debtor and strictly against the objecting party.[16] Plaintiffs here must prove their claims by a preponderance of the evidence that the debtor is not entitled to discharge the Judgment.[17] I find the Judgment and the attendant attorney fees and costs are not discharged under both §§ 523(a)(15 and 6) of the Bankruptcy Code.[18]

---

[12] Def. Ex. 12. The Order on Plaintiffs' Second Motion for Civil Contempt/Enforcement was entered on August 27, 2014.
[13] Main Case No. 6:14-bk-10327-KSJ. Doc. No. 1.
[14] Doc. No. 1. at p. 8.
[15] *Perez v. Campbell*, 402 U.S. 637, 648, 91 S. Ct. 1704, 1710-11, 29 L. Ed. 2d 233 (1971).
[16] *Reynolds v. Trafford (In re Trafford)*, 377 B.R. 387, 392 (Bankr. M.D. Fla. 2007). *See also Coady v. D.A.N. Joint Venture III, L.P. (In re Coady)*, 588 F.3d 1312, 1315 (11th Cir. 2009) (quoting *Jennings v. Maxfield (In re Jennings)*, 533 F.3d 1333, 1338-39 (11th Cir. 2008)).
[17] *Grogan v. Garner*, 498 U.S. 279, 286-87, 111 S. Ct. 654, 659, 112 L. Ed. 2d 755 (1991); Fed. R. Bankr. P. 4005.
[18] The Court need not rule on other claims in the Complaint given the ruling of non-dischargeability under §§ 523(a)(15 and 6) of the Bankruptcy Code.

Courts typically rely on § 523(a)(15) when former spouses divide property or have other disputes that do *not* involve domestic support obligations defined in § 101(14A) and made non-dischargeable in § 523(a)(5) of the Bankruptcy Code.[19] Here, the parents of OFH never married. So, no traditional divorce action is pending. Instead, the dispute involves a mother who improperly took monies from her daughter's college savings fund. The monies were contributed jointly by the mother and father.

Does § 523(a)(15) apply when the debt involves monies contributed by unmarried parents and is owed to a minor daughter? I hold it does. Section 523(a)(15) is much broader than other similar non-dischargeability provisions and excepts from discharge any debt owed to the child of a debtor as determined by a state court:

> [T]o a spouse, former spouse, or **child of the debtor** and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record or, a determination made in accordance with State or territorial law by a governmental unit.[20]

---

[19] *Taylor v. Taylor (In re Taylor)*, 737 F.3d 670, 682 (10th Cir. 2013) ("[D]ebt arising from the overpayment of spousal support is nondischargeable" under Section 523(a)(15) but not Section 523(a)(5)); *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 921-22 (B.A.P. 9th Cir. 2014) (hold harmless provision in marital settlement agreement created non-dischargeable debt, not in nature of support, under Section 523(a)(15)); *Swiatowiec v. Swiatowiec (In re Swiatowiec)*, No. 11-21558 (ASD), 2015 WL 5601421, at *2 (Bankr. D. Conn. Mar. 3, 2015) (separation agreement providing no alimony payments but dividing property interests created non-dischargeable monetary obligations under Section 523(a)(15)); *Shaver v. Shaver (In re Shaver)*, No. 13-51460, 2014 WL 3849687, at *4 (Bankr. W.D. Va. Aug. 5, 2014) (monthly obligation to pay ex-spouse so that ex-spouse could pay back debt the couple owed to parents non-dischargeable under Section 523(a)(15)); *Rackley v. Rackley (In re Rackley)*, 502 B.R. 615, 626 (Bankr. N.D. Ga. 2013) ("[S]anctions . . . constitute nondischargeable debts under section 523(a)(15) [and not 523(a)(5)] because they are owed to . . . former spouse of Defendant, the debts were incurred . . . in a domestic relations dispute involving the modification of a judgment in the prior divorce case, and the debts arose from an order of a court of record.").

[20] 11 U.S.C § 523(a)(15) (emphasis supplied).

Both the legislative history[21] of the Bankruptcy Code amendments and case law[22] referring to this section illustrate that § 523(a)(15) should be broadly and liberally construed to encourage payment of familial obligations rather than to give a debtor a fresh financial start.

Bankruptcy courts reject attempts to narrow § 523(a)(15).[23] Although a few courts limit the reach of § 523(a)(15) in unique circumstances,[24] no court has held that the section does not apply to debts owed by a parent/debtor to a child.

---

[21] "Section 215(3) amends section 523(a)(15) to provide that obligations to a spouse, former spouse, or a child of the debtor (not otherwise described in section 523(a)(5)) incurred in connection with a divorce or separation **or related action** are nondischargeable irrespective of the debtor's inability to pay such debts." H.R. Rep. No. 109-31, at 61 (2005) (emphasis supplied).

[22] *Adam v. Dobin (In re Adam)*, BAP No. CC-14-1416-PaKiTa, 2015 WL 1530086, at *6 (B.A.P. 9th Cir. Apr. 6, 2015) ("[T]he trend in recent case law is to construe § 523(a)(15) expansively to cover a broader array of claims related to domestic relations within the discharge exception."); *Taylor v. Taylor (In re Taylor)*, 478 B.R. 419, 427 (B.A.P. 10th Cir. 2012), *aff'd*, 737 F.3d 670 (10th Cir. 2013) ("[E]xceptions to discharge under § 523(a)(15) are construed more liberally than other provisions of § 523."); *Prensky v. Clair Greifer LLP*, Civ. A. No. 09-6200 (FLW), 2010 WL 2674039, at *3 (D.N.J. June 30, 2010) ("The §§ 523(a)(5) and (a)(15) exceptions from discharge are . . . construed more liberally than other Section 523 exceptions."); *McLain v. McLain (In re McLain)*, 533 B.R. 735, 741 (Bankr. C.D. Ill. 2015) ("[T]he policy underlying section 523(a)(5) and (a)(15) favors the enforcement of familial obligations over a fresh start for the debtor."); *Bernritter v. Bernritter (In re Bernritter)*, Adv. No. 13-6115, 2014 WL 2718592, at *2 (Bankr. D. Kan. June 10, 2014) ("Although most § 523(a) exceptions to discharge are strictly construed in favor of the debtor, 'exceptions to discharge under § 523(a)(15) are construed more liberally than other provisions of § 523.'") (internal citations omitted); *Baker v. Baker (In re Baker)*, Adv. No. 12-1302 T, 2013 WL 2606406, at *3 (Bankr. D.N.M. June 11, 2013) ("Exceptions to discharge under § 523(a)(15) are construed more liberally than other provisions of § 523."). *See also Gilman v. Golio (In re Golio)*, 393 B.R. 56, 61 (Bankr. E.D.N.Y. 2008) ("The enactment of subsection 523(a)(l5) and the increase in the scope of the discharge exception effected by the 2005 amendments, expresses Congress's recognition that the economic protection of dependent spouses and children under state law is no longer accomplished solely through the traditional mechanism of support and alimony payments.") (quoting Collier on Bankruptcy ¶ 523.23 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (internal quotation marks omitted)).

[23] "The defendant's reading of § 523(a)(15) is too myopic. Section 523(a)(15) is broader than the defendant alleges because it addresses debt that is incurred 'in the course of a divorce or separation or in connection with a separation agreement, divorce decree or *other order of a court of record*.'" *Lustgarten v. Vann (In re Vann)*, Adv. No. 13-5045, 2014 WL 505257, at *3 (Bankr. D. Conn. Feb. 6, 2014) (quoting 11 U.S.C. § 523(a)(15)) (emphasis in original). *See also Tritt v. Tritt (In re Tritt)*, Adv. No. 12-4186, 2014 WL 1347763, at *7 (Bankr. E.D. Tex. Apr. 4, 2014) ("Thus, the Defendant's contention that § 523(a)(15) cannot encompass an order arising from a suit to modify the terms of a parent-child relationship established two years earlier because it is not an original proceeding to establish such rights must be rejected.").

[24] *See, e.g.*, *Juarez v. Castellanos (In re Castellanos)*, Adv. No. 2:14-ap-00726-DPC, 2015 WL 3856368, at *2-4 (Bankr. D. Ariz. June 18, 2015) (discussing the effect of marriage annulments on 523(a)(15) actions, and concluding that an annulled Arizona marriage means the marriage never existed and Plaintiff could not rely on Section 523(a)(15)); *Walls v. Hicks (In re Hicks)*, 530 B.R. 912, 917 (Bankr. M.D. Fla. 2015) ("The debts the Defendant owes to third parties after the Divorce Decree are dischargeable as to the third parties."); *Hoefer v. Hoefer (In re Hoefer)*, Adv. No. 13-09073, 2014 WL 6624311, at *3 (Bankr. N.D. Iowa Nov. 20, 2014) ("[T]he Court concludes that any obligations under the hold harmless or indemnification provision cannot be discharged under § 523(a)(15), but that does not include any debt owed from Debtor directly to Capital One.").

The Judgment specifically stated that the Debtor "is indebted to the *Plaintiff, the Minor Child*, in the principal sum of $6,358.71."[25] The County Court found that OFH had an ownership interest in the monies in the Account and that her mother's improper use of those monies created a debt due to OFH, a child of the Debtor. The Judgment, a debt due by the Debtor to her child as determined by a Florida County Court made under Florida state law, fits within the non-dischargeability test articulated in § 523(a)(15). It is exactly this type of family obligation, albeit to a minor child not a former spouse that the Bankruptcy Code prefers over the fresh start promised to debtors.[26] That the parents never married and that no divorce action was filed is irrelevant. The Principal Balance is not dischargeable under § 523(a)(15).

The only remaining issue is whether the associated attorney fees, costs, and interest totaling $3,213.73[27] also are not dischargeable. "[T]he scope of § 523(a)(15) is broad."[28] Generally, if the underlying obligation is not dischargeable then the associated fees and costs also are not dischargeable.[29] If the Principal Balance is not dischargeable, then the associated fees, costs, and interest correspondingly are not discharged. The Judgment and all assessed fees and costs totaling $9,572.44 are not discharged.

Debtor's arguments that the debt arose from a simple breach of contract or that she used the monies to pay for OFH's medical care are irrelevant and not credible. Section 523(a)(15) provides an exception to discharge for a debt, *any debt*, owed to a debtor's child.[30] It does not

---

[25] Def. Ex. 11, ¶ 2 (emphasis supplied).
[26] *In re McLain*, 533 B.R. at 741.
[27] The state court initially awarded fees and costs of $1,150 in the Judgment and later awarded an additional amount of $2,063.73, totaling $3,213.73.
[28] *In re Adam*, 2015 WL 1530086, at *9.
[29] *Mellor v. Washuta (In re Mellor)*, 340 B.R. 419, 420-21 (Bankr. M.D. Fla. 2006). Although this decision arose under § 523(a)(5), the principal that attorney fees and costs incurred in connection with a non-dischargeable familial obligation also are not discharged equally applies in a dispute arising under § 523(a)(15).
[30] 11 U.S.C § 523(a)(15).

matter if the debt arose from a breach of contract or any other claim. If a parent owes a debt to a minor child, as was decided by the state court, it is not dischargeable under § 523(a)(15).

Alternatively, the Judgment also is excepted from discharge under § 523(a)(6) because the Debtor willfully and maliciously injured her child when she unilaterally withdrew the Account funds. Section 523(a)(6) of the Bankruptcy Code excepts debts for "willful and malicious injury by the debtor to another entity or to the property of another entity."[31] To prevail on such a claim, "a plaintiff must prove by a preponderance of evidence that a debtor: 1) deliberately and intentionally; 2) injured the plaintiff or the plaintiff's property; 3) by a willful and malicious act."[32]

Willfulness and malice are separate and distinct. "Willfulness" implies intentional behavior; "malice" connotes a malevolent purpose for the debtor's action.[33] A debtor commits a willful injury when he commits an intentional act to cause injury or which he knows is substantially certain to cause injury.[34] "Substantial certainty exists if a debtor knew and appreciated the substantial likelihood of injury to the party objecting to discharge."[35] A malicious act is "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will."[36] "[F]or the purposes of § 523(a)(6), '[m]alice can be implied.'"[37] "It is [the] knowledge of wrongdoing that is the key to malicious injury under [§] 523(a)(6)."[38]

---

[31] 11 U.S.C. § 523(a)(6).
[32] *Conseco v. Howard (In re Howard)*, 261 B.R. 513, 520 (Bankr. M.D. Fla. 2001) (citing *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1163-65 (11th Cir. 1995)).
[33] *In re Howard*, 261 B.R. at 520.
[34] *Id.*; *See also Davis v. Vestal (In re Vestal)*, 256 B.R. 326, 329 (Bankr. M.D. Fla. 2000) ("[P]arty objecting to discharge must show that a debtor's act or omission was substantially certain to cause injury.").
[35] *In re Vestal*, 256 B.R. at 329; *see In re Howard*, 261 B.R. at 521 (discussing the substantial certainty test).
[36] *In re Walker*, 48 F.3d at 1164 (quoting *Lee v. Ikner (In re Ikner),* 883 F.2d 986, 991 (11th Cir. 1989) (quoting *Sunco Sales, Inc. v. Latch (In re Latch),* 820 F.2d 1163, 1166 n. 4 (11th Cir.1987))) (internal quotation marks omitted).
[37] *Kane v. Stewart Tilghman Fox & Bianchi Pa (In re Kane)*, 755 F.3d 1285, 1294 (11th Cir. 2014) (internal quotation omitted).
[38] *Smith & Greene, P.A., v. Luca (In re Luca)*, 422 B.R. 772, 776 (Bankr. M.D. Fla. 2010) (citing *New Buffalo Savings Bank v. McClung (In re McClung)*, 335 B.R. 466, 475 (Bankr. M.D. Fla. 2005)).

The Debtor unilaterally closed the Account and retained the Principal Balance.[39] The Court finds this action undoubtedly injured OFH by depleting her college savings and was intentional and willful. The Court also finds that the Debtor acted with the requisite malice by wrongfully and unilaterally depriving her child of monies for the child's future education with no just cause.[40] Although the original County Court complaint included only counts for breach of contract and specific performance,[41] the Judgment specifically stated "[The Debtor] acted in her own self-interest and against the interest of her child by closing her child's Florida Prepaid account, failing to reinstate the account, and further concealing funds."[42]  The Judgment demonstrates a willful and malicious injury by the Debtor to her daughter, OFH, and it with all assessed fees and costs are non-dischargeable under § 523(a)(6) of the Bankruptcy Code.

A separate final judgment in Plaintiffs' favor shall be entered simultaneously with this Memorandum Opinion.

###

Copies furnished to:

Paul Daley, Attorney for Plaintiffs, is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.

---

[39] Def. Ex. 12.
[40] Judge Majeed found the Debtor's testimony about her justification for closing the account not credible. Def. Ex. 12. This Court agrees. The Debtor did not offer any other credible evidence of her alleged justification at trial.
[41] Def. Ex. 9.
[42] Def. Ex. 12.